UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATOSSIA N. HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>DIVERSIFIED ADJUSTMENT SERVICE, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:18-cv-02278<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT

NOW comes NATOSSIA N. HERNANDEZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED ADJUSTMENT SERVICE, INC. ("Defendant"), as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4.  Plaintiff is a 34 year-old natural person residing in Waxahacie, Texas, which falls within the Northern District of Texas.

5.  Defendant is a collection agency that "has been successfully providing third-party debt collection services and receivable management solutions to America's leading companies since 1981."[1]  Defendant is a corporation organized under the laws of the state of Minnesota with its principal place of business located at 600 Coon Rapids Boulevard, Minneapolis, Minnesota.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.  In early 2018 Plaintiff began receiving calls to her cellular phone, (682) XXX-1097, from Defendant.

8.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in1097.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

9.  Defendant has mainly used the phone numbers (844) 541-0500, (682) 267-4407, (682) 628-6474, and (682) 267-4204 when placing calls to Plaintiff's cellular phone, but upon information and belief, it has used other numbers as well.

---

[1] https://diversifiedadjustment.com/about/

10. Upon information and belief, the above referenced phone numbers are utilized by Defendant during its debt collection activity.

11. Defendant has used "spoofing" technology to match the phone number it calls Plaintiff from with her area code in order increase the likelihood she answers the calls.

12. After speaking with Defendant, Plaintiff has been informed that it is acting as a debt collector attempting to collect upon an outstanding Verizon Wireless obligation in the amount of $1,232.34 ("subject consumer debt") allegedly owed by Plaintiff.

13. The subject consumer debt has been given account number 23659858 by Verizon Wireless.

14. Verizon Wireless turned the collection of the subject consumer debt over to Defendant while Plaintiff was allegedly in default.

15. Defendant has called Plaintiff *at least* four times during the same day with calls being placed within close proximity to one another.

16. On numerous occasions Plaintiff has spoken with Defendant and advised that she was able to pay the subject consumer debt due to financial constraints. Plaintiff has repeatedly asked Defendant to cease contacting her with collection calls.

17. Defendant has represented to Plaintiff that the collection calls would not stop until she paid the subject consumer debt.

18. Despite her requests Defendant has continued to relentlessly call her cellular phone through the present. Defendant has continued to use a variety of different phone numbers with the hopes of Plaintiff answering.

19. Plaintiff has received *at least* 25 calls from Defendant since first telling it to stop calling. Many of the calls that Plaintiff has received have come while she is at work.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, increased risk of personal injury resulting from the distraction caused by the repeated calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

    a. **Violations of FDCPA §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692d and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 25 times after she advised of her financial hardships and demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of her requests was harassing and abusive. The frequency and volume of the collection calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

29. Defendant affirmatively represented to Plaintiff that the only way to get the calls to stop was through payment. With the goal of exerting pressure, Defendant sought to limit Plaintiff options. Moreover, Defendant harassingly used "spoofing" technology in order to generate its calls from area codes that Plaintiff was familiar.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing and unwelcome to Plaintiff.

    b.  **Violations of FDCPA § 1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive and misleading means to collect or attempt to collect the subject consumer debt. Defendant repeatedly engaged in collection activity through means of "spoofing" technology, even notified by Plaintiff that the calls were unwelcomed and asked to stop. Nevertheless, Defendant called Plaintiff *at least* 25 times in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its

conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her with collection calls when it no longer did.

    c. **Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff over 25 times. Attempting to coerce Plaintiff into payment by placing voluminous phone calls in s short timeframe is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

36. As pled in paragraphs 19 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, NATOSSIA N. HERNANDEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

39. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

40. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

41. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

42. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone *at least* 25 times with the assistance of "spoofing" technology after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of her demands was harassing and abusive. Further, the nature and volume of phone calls, including multiple calls during the same day, would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff, NATOSSIA N. HERNANDEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 28, 2018                                                     Respectfully submitted,

s/ Nathan C. Volheim                                                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                            Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                                     *Counsel for Plaintiff*
Admitted in the Northern District of Texas           Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                               Lombard, Illinois 60148
(630) 568-3056 (phone)                                              (630) 581-5858 (phone)
(630) 575-8188 (fax)                                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                    thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com